**FILED**

APR 28 2008

STEPHEN R. LUDWIG, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Gerald Shipley<br>3904 E. 25th Pl.<br>Lake Station, IN 46405<br><br>  Plaintiff,<br><br>v.<br><br>Commercial Recovery Systems, Inc.<br>c/o Tim Ford, Registered Agent<br>8035 East R.L. Thornton Freeway, Ste. 305<br>Dallas, TX 75228<br><br>  Defendant. | CASE NO.: **2:08CV128 WL**<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

### JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

### FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

1

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.
8. Plaintiff brought this claim within the timeframe permitted under the FDCPA.
9. In or around September 2007, Defendant telephoned Plaintiff's residence and spoke to Plaintiff's son ("Son").
10. During this communication, Defendant told Son that Plaintiff was behind on Plaintiff's payments and said that Defendant might garnish Plaintiff's wages.
11. During the months of November 2007 and December 2007, Defendant telephoned Plaintiff at Plaintiff's place of employment on numerous occasions.
12. During several of these communications, Plaintiff informed Defendant that Plaintiff did not wish to receive Defendant's telephone calls at work, but Defendant continued to call.
13. On or around December 18, 2007, Defendant telephoned Plaintiff regarding the debt.
14. During this communication, Defendant spoke to Plaintiff in an abusive and belligerent manner.
15. During this communication, Defendant threatened to garnish Plaintiff's wages.
16. During this communication, Defendant threatened to put a lien on Plaintiff's home.
17. During this communication, Defendant threatened to send documents, referencing Plaintiff, to the Internal Revenue Service.
18. As a result of Defendant's threats, retained an attorney to file bankruptcy.
19. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.
20. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive Defendant's phone calls at work.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT SEVEN

### Invasion of Privacy by Intrusion upon Seclusion

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

35. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

36. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

37. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

38. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## COUNT EIGHT

### Invasion of Privacy by Public Disclosure of a Private Fact

39. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

40. Defendant released information which was private to Plaintiff and concerned Plaintiff's private life to Plaintiff's son.

41. The disclosure of the debt to Plaintiff's son is highly offensive.

42. Plaintiff's debt is not of legitimate concern to the public.

## JURY DEMAND

43. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

44. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

   c. Judgment, in an amount to be determined at trial, against Defendant for Public Disclosure of a Private Fact.

   d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: _____
Jeffrey S. Hyslip
Attorney for Plaintiff
20 W. Kinzie Street, Suite 1300
Chicago, IL 60610
Telephone: 866-339-1156
Email: jsh@legalhelpers.com

5